1 | NICOLA T. HANNA
United States Attorney
2 | PATRICK R. FITZGERALD
Assistant United States Attorney
3 | Chief, National Security Division
DAVID T. RYAN (Cal. Bar No. 295785)
4 | Assistant United States Attorney
Terrorism and Export Crimes Section
5 |      1500 United States Courthouse
       312 North Spring Street
6 |      Los Angeles, California 90012
       Telephone:  (213) 894-4491
7 |      Facsimile:  (213) 894-2979
       E-mail:     david.ryan@usdoj.gov
8 |
Attorneys for Plaintiff
9 | UNITED STATES OF AMERICA

```
FILED
CLERK, U.S. DISTRICT COURT

OCT 2 0 2018

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY
```

10 |                UNITED STATES DISTRICT COURT

11 |           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,          No. 18 MJ02791

13 |          Plaintiff,                GOVERNMENT'S NOTICE OF REQUEST FOR
                                        DETENTION
14 |            v.

15 | AARON EASON,

16 |          Defendant.

17 |

18 |      Plaintiff, United States of America, by and through its counsel

19 | of record, hereby requests detention of defendant and gives notice of

20 | the following material factors:

21 | ☐  1.    Temporary 10-day Detention Requested (§ 3142(d)) on the

22 |          following grounds:

23 | ☐  a.    present offense committed while defendant was on release

24 |          pending (felony trial),

25 | ☐  b.    defendant is an alien not lawfully admitted for

26 |          permanent residence; and

27 |

28 |

1   ☐   c.   defendant may flee; or

2   ☐   d.   pose a danger to another or the community.

3   ☒   2.   Pretrial Detention Requested (§ 3142(e)) because no

4        condition or combination of conditions will reasonably

5        assure:

6   ☒   a.   the appearance of the defendant as required;

7   ☒   b.   safety of any other person and the community.

8   ☐   3.   Detention Requested Pending Supervised Release/Probation

9        Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

10       § 3143(a)):

11  ☐   a.   defendant cannot establish by clear and convincing

12            evidence that he/she will not pose a danger to any

13            other person or to the community;

14  ☐   b.   defendant cannot establish by clear and convincing

15            evidence that he/she will not flee.

16  ☐   4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.

17       § 3142(e)):

18  ☐   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

19            (46 U.S.C. App. 1901 et seq.) offense with 10-year or

20            greater maximum penalty (presumption of danger to

21            community and flight risk);

22  ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

23            2332b(g)(5)(B) with 10-year or greater maximum penalty

24            (presumption of danger to community and flight risk);

25  ☐   c.   offense involving a minor victim under 18 U.S.C.

26            §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

27            2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

28

2

2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐ d. defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐ b. an offense for which maximum sentence is life imprisonment or death;

☐ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐ d. any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

1     ☐   e.   any felony not otherwise a crime of violence that

2          involves a minor victim or the possession or use of a

3          firearm or destructive device (as defined in 18 U.S.C.

4          § 921), or any other dangerous weapon, or involves a

5          failure to register under 18 U.S.C. § 2250;

6     ☒   f.   serious risk defendant will flee;

7     ☐   g.   serious risk defendant will (obstruct or attempt to

8          obstruct justice) or (threaten, injure, or intimidate

9          prospective witness or juror, or attempt to do so).

10   ☐   6.   Government requests continuance of _____ days for detention

11        hearing under § 3142(f) and based upon the following

12        reason(s):

13

14   _____

15   _____

16   _____

17   //   _____

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

4

□   7.   Good cause for continuance in excess of three days exists in

that:

_____

_____

_____

_____

Dated: October 20, 2018          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division


_____/s/_____
DAVID T. RYAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5