NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
DAVID T. RYAN (Cal. State Bar No.: 295785)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4491
     Facsimile: (213) 894-2979
     E-mail:    david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-759-CJC |
|---|---|
| Plaintiff, | STIPULATION FOR PROTECTIVE ORDER |
| v. | |
| ROBERT RUNDO, ROBERT BOMAN, AARON EASON, and TYLER LAUBE, | |
| Defendants. | |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney David T. Ryan, defendant Robert Rundo ("RUNDO"), by and through his counsel of record, Julia Deixler, defendant Robert Boman ("BOMAN"), by and through his counsel of record, Peter Swarth, defendant Aaron Eason ("EASON"), by and through his counsel of record, John McNicholas, and defendant Tyler Laube ("LAUBE"), by and through his counsel of record, Jerome Haig, hereby stipulate and apply to the Court for

entry of a protective order pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure.

The bases for this stipulation and request are the following:

Stipulated Facts

1. On November 1, 2018, a grand jury in the Central District of California returned an Indictment against defendants in United States v. Rundo et al., CR No. 18-759-CJC. Defendants RUNDO, BOMAN, EASON, and LAUBE are charged with a violation of 18 U.S.C. § 371 (Conspiracy), and defendants RUNDO, BOMAN, and EASON are charged with a violation of 18 U.S.C. § 2101 (Rioting).

2. Pursuant to its discovery obligations in this case, the government seeks to disclose to defendants' counsel in discovery certain materials that the government represents contain sensitive information, including the identity of and other identifying information for alleged victims, third party witnesses, uncharged parties, and a confidential source of information that assisted during the investigation; information regarding operationally sensitive law enforcement sources, methods, and techniques used in this investigation and in ongoing investigations of other potential targets; and other information that implicates national security and law enforcement sensitive concerns. These materials are collectively referenced below as "Protective Order Material(s)."

3. To serve and protect defendant's rights to prepare an effective defense in this case, and also to serve the government's interest in protecting sensitive law enforcement information, the parties have stipulated to the entry of a protective order for discovery in this case.

Stipulated Conclusions of Law

4. Rule 16(d)(1), Federal Rules of Criminal Procedure, provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

5. The record demonstrates good cause to permit the Court to exercise its discretion to restrict discovery and inspection of sensitive law enforcement sources, methods, and techniques, as further described below, and to grant such relief as is necessary to ensure the confidentiality of the foregoing information.

Requested Protective Order

Accordingly, the parties hereby stipulate to this request for the Court to issue a protective order according to the following terms:

6. The government may provide to defendants' counsel a copy of any Protective Order Material under the following terms and conditions:

   a. The government will provide to the Defense Team, as defined below in paragraph 6(f), a single copy of any Protective Order Material(s), redacted if and as appropriate. In the case of electronic material, e.g., an image of a digital device, there will be no redaction of protected materials. The government will label the Protective Order Material(s) as being subject to a protective order.

   b. The Defense Team is permitted to make copies of the Protective Order Material(s) as necessary for the preparation of the defense and for litigation of matters that arise therefrom. The

Defense Team shall maintain a record of all copies of the Protective Order Material(s) that are made, and shall return all copies of the Protective Order Material(s) to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct, at the conclusion of this case and any appeal or post-conviction collateral attack on any conviction or sentence arising therefrom.  The Defense Team shall ensure that defendant does not retain any Protective Order Material(s) or copies thereof after the conclusion of this case and any appeal or post-conviction collateral attack on any conviction or sentence arising therefrom. the conclusion of the litigation.

   c. The Defense Team shall maintain all Protective Order Material(s), including any copies, in accordance with this Order.

   d. The Protective Order Material(s) (whether in physical or electronic form) shall be securely stored at all times by the Defense Team, except while being actively utilized as provided for in this Order.

   e. A copy of this Order shall be kept with the Protective Order Material(s) at all times.

   f. The Protective Order Material(s) and its contents shall not be disseminated[1] to the media or posted to the Internet, nor shall the information within Protective Order Material(s) be

---

[1] "Disseminated" means to directly or indirectly provide, show, or describe to another (or others) either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom. It includes both physical and virtual sharing of the documents.

4

disclosed in any way to any media source or Internet forum, nor shall the Protective Order Material(s) and its contents be disseminated to any persons, organizations, or other entities, other than the following who must be assisting in the preparation of the defense in this case in order to gain access to any Protective Order Material(s): (i) defendants (under the conditions set forth below); (ii) members of the respective defendants' defense legal teams (attorneys, paralegals, investigators, translators, litigation support personnel, and secretarial staff); and (iii) experts and consultants retained to assist in the preparation of the defense (collectively, the "Defense Team").

      g. Counsel for defendant shall ensure that any person to whom Protective Order Material(s) have been made available has read the terms of the requested order and agreed to act in accordance with the requested order.

      h. The Defense Team may show Protective Order Material(s) to third-party witnesses for the sole purpose of preparation of the defense, but may not provide or otherwise disseminate to third-party witnesses copies of Protective Order Material(s).

      i. Defendants may review Protective Order Material(s) in this case only in the presence of a member of their respective Defense Teams, and defendants' counsel of record shall ensure that defendants are never left alone with any Protective Order Material(s). Defendants may see and review Protective Order Material(s) in the presence of a member of their respective Defense Teams, but defendants may not copy, keep, maintain, or otherwise

possess any Protective Order Material(s) in this case at any time. Defendants must return any Protective Order Material(s) to their respective Defense Teams at the conclusion of any meeting at which defendants are permitted to view the Protective Order Material(s). Defendants may not take any Protective Order Material(s) out of the room in which defendants are meeting with their respective Defense Teams. Defendants may not write down or memorialize any Protective Order Material(s). At the conclusion of any meeting with a defendant, the member of the Defense Team present shall take with him or her the Protective Order Material(s). At no time, under no circumstance, will any Protective Order Material(s) be left in the possession, custody, or control of any defendant, whether the defendant is incarcerated or not.

7. The Protective Order Material(s), including any copies, may not be used, introduced, or otherwise relied upon, in any proceeding by any person, except by the prosecution team at its discretion or by defendants' counsel of record in this case in hearings and proceedings in United States v. Robert Rundo et al., CR 18-759 (Central District of California) and any appeal or any post-conviction collateral attack on any conviction or sentence arising therefrom.

8. The Defense Team shall return all Protective Order Material(s) to the United States Attorney's Office ("USAO") for the Central District of California, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct, at the conclusion of this case and any appeal

6

or post-conviction collateral attack on any conviction or sentence arising therefrom. If defense counsel work product-protected material is present on the Protective Order Material(s), then when those materials are returned, defense counsel and/or staff may elect to observe USAO staff shred those materials at the USAO.

9. Should any defendant change attorneys at any time before the Protective Order Material(s) and all copies are returned to the USAO, his former counsel will not provide the Protective Order Material(s), including any copies, or disclose the contents of any Protective Order Material(s) to any subsequent counsel unless subsequent counsel for that defendant in this matter has agreed to in writing, or has been ordered by the Court to, be bound by this protective order. If subsequent counsel's consent to this Order cannot be obtained, defendant's former counsel will return the Protective Order Material(s) and all copies to the USAO immediately.

10. Any papers to be filed with the Court on behalf of any defendant that include Protective Order Material(s) or refer to the contents of Protective Order Material(s) shall be filed under seal unless the defendant obtains a) written agreement from the government assenting to public filing, or b) an order of the Court. Any papers to be filed with the Court by the government that include Protective Order Material(s) or refer to the contents of Protective Order Material(s) may be filed under seal in the government's discretion.

11. Any papers to be filed with the Court in response to papers filed in conformity with the preceding paragraph shall also

7

1 be filed under seal absent the written agreement of the opposing
2 party or an order of the Court.
3     12.  Nothing in this Order will be construed so as to limit or
4 restrict the government's discovery obligations pursuant to Rule 16
5 of the Federal Rules of Criminal Procedure and <u>Brady v. Maryland</u>,
6 373 U.S. 83 (1963), or any other provision of law.
7     13.  Nothing in this order shall be construed: (1) as a waiver
8 by any defendant to seek additional discovery beyond that provided
9 by the government; or (2) as a waiver of any defendant's right to
10 seek an unredacted version of any Protective Order Material(s); or
11 (3) as a waiver of any defendant's right to challenge whether a
12 specific document should be subject to this protective order.
13 Nothing in this order shall be construed as limiting the
14 //
15 //

government's ability to object to those requests. In addition, the parties reserve the right to seek future modifications of this protective order.

    IT IS SO STIPULATED.

DATED: November 16, 2018    NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

    /s/
DAVID T. RYAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED:

JULIA DEIXLER
Attorney for Defendant
ROBERT RUNDO

DATED: November 19, 2018    /s/ by email authorization
PETER SWARTH
Attorney for Defendant
ROBERT BOMAN

DATED: November 20, 2018    /s/ by email authorization
JOHN MCNICHOLAS
Attorney for Defendant
AARON EASON

DATED:

JEROME HAIG
Attorney for Defendant
TYLER LAUBE

government's ability to object to those requests.  In addition, the parties reserve the right to seek future modifications of this protective order.

    IT IS SO STIPULATED.

DATED: November 16, 2018

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

_____
DAVID T. RYAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: 11/19/2018

_____
JULIA DEIXLER
Attorney for Defendant
ROBERT RUNDO

DATED:

_____
PETER SWARTH
Attorney for Defendant
ROBERT BOMAN

DATED:

_____
JOHN MCNICHOLAS
Attorney for Defendant
AARON EASON

DATED:

_____
JEROME HAIG
Attorney for Defendant
TYLER LAUBE

9

government's ability to object to those requests.  In addition, the parties reserve the right to seek future modifications of this protective order.

    IT IS SO STIPULATED.

```
DATED: November 8, 2018         NICOLA T. HANNA
                                United States Attorney

                                PATRICK R. FITZGERALD
                                Assistant United States Attorney
                                Chief, National Security Division


                                _____
                                DAVID T. RYAN
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA


DATED:                          _____
                                JULIA DEIXLER
                                Attorney for Defendant
                                ROBERT RUNDO


DATED:                          _____
                                PETER SWARTH
                                Attorney for Defendant
                                ROBERT BOMAN


DATED:                          _____
                                JOHN MCNICHOLAS
                                Attorney for Defendant
                                AARON EASON


DATED: 11/12/2018               _____
                                JEROME HAIG
                                Attorney for Defendant
                                TYLER LAUBE
```

9