NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
DAVID T. RYAN (Cal. Bar No. 295785)
GEORGE E. PENCE (Cal. Bar No. 257595)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4491/2253
    Facsimile: (213) 894-2979
    E-mail:   david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 18-759-CJC |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> |
| v. | |
| ROBERT RUNDO, ROBERT BOMAN, AARON EASON, and TYLER LAUBE, | **CURRENT TRIAL DATE:** 12/18/18<br>**PROPOSED TRIAL DATE:** 7/9/19 |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys David T. Ryan and George E. Pence, defendant ROBERT RUNDO ("RUNDO"), both individually and by and through his counsel of record, Julia Deixler, defendant ROBERT BOMAN ("BOMAN"), both individually and by and through his counsel of record, Peter Swarth, and defendant AARON EASON ("EASON"), both individually and by and through his counsel of record, John McNicholas, hereby stipulate as follows:

1. The Indictment in this case was filed on November 1, 2018. Defendant RUNDO first appeared before a judicial officer of the court in which the charges in this case were pending on October 22, 2018. Defendant BOMAN first appeared before a judicial officer of the court in which the charges in this case were pending on October 24, 2018. Defendant EASON first appeared before a judicial officer of the court in which the charges in this case were pending on October 29, 2018. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 10, 2019.[1]

2. On November 8, 2018, the Court set a trial date of December 18, 2018, and a Pretrial Conference for December 10, 2018.

3. Defendants are detained pending trial. The parties estimate that the trial in this matter will last approximately one week. All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendants move to continue the trial date to July 9, 2019, and the Pretrial Conference to July 1, 2019. This is the first request for a continuance.

5. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendants are charged with violations of 18 U.S.C. §§ 371 (Conspiracy), and 2101 (Riots). The government has made available to the defense approximately four terabytes of data from

---

[1] Defendant Tyler Laube ("LAUBE") was also charged in the Indictment with Conspiracy, in violation of 18 U.S.C. § 371. Defendant LAUBE pled guilty to that charge pursuant to a plea agreement on November 20, 2018. Sentencing for defendant LAUBE is set for March 25, 2019.

2

approximately 45 digital devices seized during the course of the investigation. The parties filed a stipulation for a protective order on November 21, 2018. Upon entry of the Protective Order, the government is prepared to produce additional discovery to the defense, including over 23,000 pages of reports and other documents, and over 100 video recordings.

      b. On October 22, 2018, defendant RUNDO's current counsel substituted in as counsel of record. Defense counsel for defendant RUNDO is presently scheduled to be in trial in United States v. Hanna, CR No. 17-579-PSG, on December 11, 2018, United States v. Bose, CR No. 18-785-FMO, on January 15, 2019, United States v. Mattocks, CVB No. CC11, 7451021, on January 23, 2019, United States v. McDowell, CR No. 18-513-FMO, on February 26, 2019, United States v. Garcia, CR No. 18-420-ODW, on March 5, 2019, and United States v. Paofai, CR No. 18-766-GW, on March 26, 2019. Accordingly, counsel for defendant RUNDO represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

      c. On October 24, 2018, defendant BOMAN's current counsel substituted in as counsel of record. Defense counsel for defendant BOMAN is presently scheduled to be in trial in People v. Anderson, MA069335-02 on December 27, 2018, which is estimated to last two weeks, United States v. Rodriguez, CR No. 17-456-RHW, on January 22, 2019, which is estimated to last two days, United States v. Jalbert, CR No. 09-01175-GW, on February 12, 2019, United States v. Rucker, CR No. 17-132-JVS, on February 26, 2019, which is estimated to last one week, United States v. White, CR No. 17-103-DMG, on March 12, 2019, which is estimated to last five days, United States v. Sweeney, CR

1  No. 18-455-JAK, on March 12, 2019, which is estimated to last four
2  days, United States v. Love, CR No. 18-430-SJO, on June 25, 2019,
3  which is estimated to last four weeks, and United States v. Loza, CR
4  No. 16-390-VAP, on July 30, 2019, which is estimated to last six
5  weeks.  Accordingly, counsel for defendant BOMAN represents that he
6  will not have the time that he believes is necessary to prepare to
7  try this case on the current trial date.
8          d.   On October 24, 2018, defendant EASON's current counsel
9  substituted in as counsel of record.  Defense counsel for defendant
10 EASON is presently scheduled to be in trial in United States v.
11 Martinez, CR No. 18-225-RGK, on January 8, 2019, which is expected to
12 last four days, United States v. Perez, CR No. 17-535-CAS, on January
13 29, 2019, which is expected to last four days, United States v.
14 Soria, CR No. 17-516-FMO, on February 12, 2019, which is expected to
15 last five days, United States v. Bossart, CR No. 18-455-JAK, on March
16 12, 2019, which is expected to last four days, United States v.
17 Leiva, CR No. 17-278-ODW, on March 26, 2019, which is expected to
18 last five weeks, United States v. Fatunmbi, CR No. 13-324-CAS, on May
19 14, 2019, which is expected to last five days, and United States v.
20 Perez, CR No. 18-172-GW, on May 28, 2019, which is expected to last
21 12 days.  Accordingly, counsel for defendant EASON represents that he
22 will not have the time that he believes is necessary to prepare to
23 try this case on the current trial date.
24         e.   In light of the foregoing, counsel for defendants also
25 represent that additional time is necessary to confer with
26 defendants, conduct and complete an independent investigation of the
27 case, conduct and complete additional legal research including for
28 potential pre-trial motions, review the discovery and potential

evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      f.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

      g.    The government does not object to the continuance.

      h.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 18, 2018 to July 9, 2019, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: November 26, 2018                Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        PATRICK R. FITZGERALD
                                        Assistant United States Attorney
                                        Chief, National Security Division


                                              /s/
                                        DAVID T. RYAN
                                        GEORGE E. PENCE
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

I am ROBERT RUNDO's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than July 9, 2019 is an informed and voluntary one.

_____    _11/27/18_
JULIA DEIXLER                 Date
Attorney for Defendant
ROBERT RUNDO

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than July 9, 2019.

_____    _11/27/18_
ROBERT RUNDO                  Date
Defendant

I am ROBERT BOMAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than July 9, 2019 is an informed and voluntary one.

_____   Date: 11/29/18
PETER SWARTH
Attorney for Defendant
ROBERT BOMAN

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than July 9, 2019.

_____   Date: 11·29·18
ROBERT BOMAN
Defendant

I am AARON EASON's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than July 9, 2019 is an informed and voluntary one.

_____   11/27/18
JOHN MCNICHOLAS                  Date
Attorney for Defendant
AARON EASON


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than July 9, 2019.

_____   11/27/18
AARON EASON                      Date
Defendant