JOHN NEIL McNICHOLAS, ESQ.
CA Bar No.: 138304
McNICHOLAS LAW OFFICE
464 Palos Verdes Blvd.
Redondo Beach, CA 90277
(310) 545-0780
(310) 546-6831- FAX
john@mcnicholaslawoffice.com
Attorney for Defendant,
Aaron Eason

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-00759-CJC-4 |
| Plaintiff, | **DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS** |
| vs. | Date of Hearing: 2/25/2019 |
| AARON EASON, | Time of Hearing: 9:00 a.m. |
| Defendant. | |

Defendant, AARON EASON, by and through his attorney of record, John Neil McNicholas, hereby moves this Court for an order for the Disclosure of the Grand Jury Transcripts.  This motion is made and based upon the following memorandum of points and authorities and the declaration of counsel.

DATED this 14th day of January, 2019.

McNICHOLAS LAW OFFICE

By /s/
JOHN NEIL McNICHOLAS, ESQ.
Attorney for Defendant,
AARON EASON

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government has asserted that the "Rise Above Movement" (R.A.M.) was formed in February, 2017 as a combat ready, militant white supremacist group. It has asserted that Eason recruited others to join R.A.M. The indictment asserts that Eason attacked attendees at political rallies, including assaulting persons in Berkeley on April 15, 2017. The indictment asserts that Eason engaged in a conspiracy with the co-defendants to commit a riot when using a credit card to rent a van to travel from Los Angeles to Berkeley. *See* Declaration of John Neil McNicholas and the indictment attached hereto as Exhibit 1. The indictment fails to mention Antifa, a group called "By Any Means Necessary" or other left wing groups who promoted and/or instigated violence at each of the political events in the indictment. The discovery revealed in this case thus far contradicts the assertions made in the indictment.

In order for false assertions to be included in the grand jury transcript, many misrepresentations of fact had to be made to the grand jury. Eason intends to prepare a motion to dismiss the indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure, due to the government's misconduct in knowingly and/or recklessly presenting false, misleading, and material testimony before the grand jury. The above-stated facts establish a particularized need for the grand jury transcript to be revealed to the defense so that the truth may be revealed.

## II. ARGUMENT

**A. Defendant Eason Has a Particularized Need for the Transcript of the Grand Jury Proceedings in Order to Prepare a Motion to Dismiss Indictment Based upon Government Misconduct in Knowingly or Recklessly Presenting False Statements and Representations to the Grand Jury.**

Federal Rule of Criminal Procedure 6(e)(3)(E) permits the Court to order the

1   disclosure of grand jury proceedings "preliminarily to or in connection with a judicial
2   proceeding" and "at the request of a defendant who shows that a ground may exist
3   to dismiss the indictment because of a matter that occurred before the grand jury."
4   Fed. Rule Crim. Proc. R. 6(e)(3)(E)(I), (ii). Disclosure of grand jury transcripts is
5   appropriate where the defendant shows a "particularized need" for the materials that
6   outweighs the policy underlying grand jury secrecy. *Douglas Oil Co. v. Petrol Stops*
7   *Northwest*, 441 U.S. 211, 223-24 (1979). A party seeking grand jury transcripts must
8   show "that the material they seek is needed to avoid a possible injustice in another
9   judicial proceeding, that the need for disclosure is greater than the need for
10  continued secrecy, and that their request is structured to cover only material so
11  needed." *Id.* at 222.
12          Where the Defendant shows a particularized need for grand jury transcripts
13  that outweighs the need for secrecy, the trial judge may segregate extraneous
14  materials and issue protective orders in unusual situations. *Dennis v. United States*, 384
15  U.S. 855, 875 (1966). 'Problems concerning the use of the grand jury transcript at the
16  trial to impeach a witness, to refresh his recollection, to test his credibility . . .' are
17  'cases of particularized need where the secrecy of the proceedings is lifted discretely
18  and limitedly.'" *Dennis v. United States*, 384 U.S. 855, 870 *quoting United States v. Procter*
19  *& Gamble Co.*, 356 U.S. 677, 681 (1958). In *Dennis,* the U.S. Supreme Court held that
20  the Defendant demonstrated a "particularized need" and made a showing
21  "substantially beyond the minimum required by Rule 6(e)" when the Defendant
22  requested the transcript of the grand jury testimony of witnesses for possible
23  impeachment at trial. *Dennis v. United States*, 384 U.S. 855, 874. The Court reasoned
24  that in our adversary system it is "rarely justifiable for the prosecution to have
25  exclusive access to a storehouse of relevant fact." Id. at 873. The Court recognized
26  that in a conspiracy case in which the witnesses testified to conversations that were
27  largely uncorroborated, "the question of guilt or innocence may turn on exactly what
28  was said [and] the defense is clearly entitled to all relevant aid which is reasonably

3

1   available to ascertain the precise substance of these statements." *Id.* at 872-873. To

2   that end, the Court acknowledged that the grand jury testimony would likely be more

3   accurate than testimony at trial, given that witnesses memories would be better closer

4   in time to the charged events. *Id.* at 872. The Court stated, "[W]e cannot accept the

5   view of the Court of Appeals that it is 'safe to assume' no inconsistencies would have

6   come to light if the grand jury testimony had been examined. There is no justification

7   for relying upon assumption." *Id.* at 874.

8         Eason has a particularized need to obtain grand jury transcripts because the

9   preliminary discovery revealed through three bail motions does not match the

10  government assertions in the indictment. As in *Dennis*, Eason is charged with crimes

11  in which the question of guilt or innocence may turn on what was said. Further, like

12  the Defendants in *Dennis*, as addressed briefly above, the Supreme Court noted that

13  conspiracy charges carry almost an inherent particularized need of access:  "A

14  conspiracy case carries with it the inevitable risk of wrongful attribution of

15  responsibility to one or more of the multiple defendants. Under these circumstances,

16  it is especially important that the defense, the judge, and the jury should have the

17  assurance that the doors that may lead to truth have been unlocked." *Dennis v. United*

18  *States,*  384 U.S. 855, 873.

19  **B. Eason's Particularized Need for the Transcript of the Grand Jury**

20  **Proceedings in this Matter Outweighs the Diminished Need for Secrecy in a**

21  **Completed Grand Jury Proceeding.**

22         Eason's need for the grand jury transcripts outweighs the policy underlying

23  grand jury secrecy. The policy reasons behind the secrecy of grand jury proceedings

24  include 1) preventing the escape of those who might be indicted; 2) to prevent

25  interference with the deliberation of the grand jury; 3) to prevent interference with

26  witnesses who testify at the grand jury and who may later testify at trial; 4) to

27  encourage witnesses to disclose information; and 5) to protect the innocent who are

28  accused and exonerated by a grand jury. *Douglas Oil Co. v. Petrol Stops Northwest*, 441

U.S. 211, 219 fn. 10. Other policy reasons might favor secrecy where additional individuals are targeted in the grand jury aside from those who have been indicted. *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. Ariz. 1991). Where there are such concerns, the Court can segregate irrelevant or protected portions of the transcript or disclose portions of the transcript with a protective order. *Dennis v. United States*, 384 U.S. 855, 875.

While the Court must consider the effects of disclosure on future grand juries as well as the particular grand jury, the interests in grand jury secrecy are reduced when the grand jury completes its activities. *Douglas Oil*, 441 U.S. at 222. "[A]fter the grand jury's functions are ended disclosure is wholly proper where the ends of justice require it." *United States v. Socony Vacuum Oil Co.*, 310 U.S. 150, 234 (1940).

The circumstances here favor disclosure because the policy reasons supporting nondisclosure are largely moot. The grand jury has completed its deliberations, therefor the interests in grand jury secrecy are significantly reduced. The risk is eliminated that disclosure would interfere with those deliberations or discourage witnesses from providing testimony before the grand jury. Eason has been publicly indicted and incarcerated, then released, pending trial. Therefore there is no danger of flight should the transcript be released. All major figures referenced in the indictment were either arrested in this case or the related case, *United States v. Daley*, 3:18cr25 (NKM) in the Western District of Virginia. While theoretically there may be other targets discussed at the grand jury who have not been indicted and there may be security concerns given the nature of the charges, this can be remedied by the Court's in camera review and a subsequent protective order.

Eason has an absolute right to present a defense which includes filing appropriate pretrial motions supported by the evidence. See: *Washington v. Texas*, 388 U.S. 14, 23 (1967), *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). The Supreme Court has consistently held that rules of evidence and procedure cannot be used to exclude "critical" defense evidence, if there are indicia of reliability. *Davis v. Alaska*,

1  415 U.S. 308, 319-320  (1974) , *Green v. Georgia*, 442 U.S. 95, 97 (1979), *Crane v.*
2  *Kentucky,* 476 U.S. 683, 689-690, 106 S. Ct. 2142 (1986), *Delaware v. Van Arsdall,* 475
3  U.S. 673 (1986), 680, *Rock v. Arkansas*, 483 U.S. 44, 55 (1987), and *Holmes v. South*
4  *Carolina,* 126 S. Ct. 1727 (2006). Consistent with these holding is the Government's
5  obligation to provide favorable evidence. *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio*
6  *v. United States*, 405 U.S. 150 (1972).

7  Because Eason has a significant interest in obtaining the grand jury transcript
8  in order to prepare and present his argument that false or fabricated testimony was
9  presented to the grand jury in order to secure an indictment, and his interest
10  outweighs the minimal need for secrecy in a completed proceeding, Eason
11  respectfully requests disclosure of the grand jury transcript in this matter.

12  **III. CONCLUSION**

13  For the foregoing reasons, the Defendant Aaron Eason respectfully requests
14  that this Court order the disclosure of the grand jury transcript subject to an *in camera*
15  *review* and the necessary protective orders.

16
17
18  DATED: January 14, 2019                    /s/
19                                             John Neil McNicholas
                                               Attorney for Aaron Eason
20
21
22
23
24
25
26
27
28

6

## **DECLARATION OF JOHN NEIL McNICHOLAS**

I, John Neil McNicholas, do hereby declare under penalties of perjury that the following is true.

1. I am an attorney duly licensed in the State of California and I am attorney of record for Aaron Eason in *United States of America v. Rundo, et al*, CR 18-00759-4.

2. Exhibit 1 is true and correct copy of the indictment filed in this case.

3. I have reviewed seven 7 (7) discovery discs, and exhibits supporting the government's position in three (3) separate bail hearings involving Aaron Eason which appear to include a fairly accurate history of Eason's involvement with the alleged co-conspirators in this case as well as his role(s) at relevant political rallies.

4. After comparing objective video evidence and written discovery, I believe that misrepresentations were made to the grand jury regarding Eason's alleged involvement with the Rise Above Movement (R.A.M.) in order to secure an indictment in this case. Examples of misrepresentations which I believe were communicated to the grand jury include, but are not limited to:

a. R.A.M. commenced in February, 2017 and Eason was a founding member.

b. R.A.M. is a combat-ready, militant group of new nationalist white supremacists.

c. Eason was not asked by political event organizers to provide legitimate security.

d. Eason went to Berkeley on April 15, 2017 with the purpose of inciting a riot.

e. Eason attempted to recruit new members into R.A.M.

f. Eason attacked victims at various political events.

g. Alleged co-conspirators used, or were willing to use weapons in order to carry out their attacks in Huntington Beach, Berkeley ad San Bernardino.

h. The actions of Antifa, By Any means Necessary, and other radical left wing organizations that initiated violence in Huntington Beach and Berkeley, were not

1  presented to the grand jury as riot instigators, but instead referred to by agents as

2  "attendees," "counterprotestors" and "victims."

3        5. I have met and conferred with Assistant United States Attorney David

4  Ryan regarding the particularized need for the grand jury transcripts. Mr. Ryan will

5  not agree to providing access to the grand jury transcripts to the defense team for

6  Eason in support of our motion to dismiss the indictment.

7        Dated this 14th day of January, 2019 in Redondo Beach, California.

8

9                                        /s/ *John Neil McNicholas*
10                                       John Neil McNicholas

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28