JOHN NEIL McNICHOLAS, ESQ.
CA Bar No.: 138304
McNICHOLAS LAW OFFICE
464 Palos Verdes Blvd.
Redondo Beach, CA 90277
(310) 545-0780
(310) 546-6831- FAX
john@mcnicholaslawoffice.com
Attorney for Defendant,
Aaron Eason

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON EASON,<br><br>Defendant. | Case No. CR 18-00759-CJC-4<br><br>**DEFENDANT'S REPLY TO GOVERNMENT OPPOSITION TO MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS**<br>Date of Hearing: 2/25/2019<br>Time of Hearing: 9:00 a.m. |

Defendant, AARON EASON, by and through his attorney of record, John Neil McNicholas, hereby replies to the government's opposition to his motion for an order requiring disclosure of the grand jury transcripts.

The Federal Rules of Criminal Procedure provide that grand jury transcripts may be disclosed "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Fed. R. Crim Proc. 6(e)(3)(E)(ii). A defendant seeking disclosure of the grand jury transcripts must demonstrate a "particularized need" for production. *Dennis v. United States*, 384 U.S. 855, 870 (1966). Before the trial court may order disclosure of the grand jury transcripts it must find "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995) (internal quotation marks and citation omitted).

The government has misrepresented the role of Aaron Eason and whether he is a member of R.A.M. at three prior detention hearings in this case. Objective evidence contradicts the positions taken by the government. Examples of falsehoods contained within the indictment include the following:

**1. False accusation:**

R.A.M. represented itself as a combat ready, militant white supremacist group. Indictment, 1:25-26.

**2. Truth:**

In applying the most reasonable definition of "combat" found at Google Dictionary, the word refers to fighting between armed forces, such as "men killed in combat." Synonyms for "combat" include "battle," "fighting," "action," "hostilities," "conflict," "armed conflict," "war," "warfare" and "bloodshed." No weapons were possessed by Eason. The evidence produced so far only shows "fisticuffs," and not armed conflict which the most reasonable meaning "combat" infers. The word "white" was later used regularly by R.A.M. associates, who did not include Eason. The term "white supremacist" is in itself an inflammatory term used as a justification for stifling the First Amendment rights of speech and assembly.

**3. False Accusation:**

Defendants EASON would recruit members to join R.A.M. Indictment, 3:17-19.

**4. Truth:**

Eason invited people to travel to an event in Berkeley on April 27, 2017 in facebook posts. There was no mention of "R.A.M.," "recruitment" or a request for new members to join an organization. Exhibit 3, pp 3-5.

**5. False Accusation:**

Overt Act No. 14: On or about April 15, 2017, defendant EASON (1) wrapped his hands with athletic tape, (2) wore a grey shirt and (3) wore a black mask with white skeleton designs around his face. Indictment, 6: 16-21.

**6. Truth:**

Eason did not wrap his hands with tape. Eason wore a light blue shirt. Eason did not wear a mask. His face and light blue shirt were fully exposed and noticeable on most videos. *See* Exhibit 2 which is how Mr. Eason appeared throughout the day on April 15, 2017.

**7. False Accusation:**

Overt Act No. 17: On or about April 15, 2017, defendant EASON assaulted persons at the Berkeley Rally. Indictment, 6: 27-28.

**8. Truth:**

Every recorded violent encounter featuring Eason at the April 15, 2017 rally involves self defense by Eason. *See, e.g.*, Exhibit 2.

Eason intends to raise the above false representations made to the grand jury to support some reasons why this case should be dismissed. The false allegations in Overt Act 14 provide enough proof of dishonest testimony to the grand jury which should support the decision to disclose the transcripts. But the government has alleged details about R.A.M. throughout this case which are false, such as when R.A.M. commenced to exist (which was after April 15, 2017), and roles that Eason allegedly played at different events (the government falsely stated that Eason was involved in criminal vandalism at the San Bernardino event). Although the government does not specifically refer to all of these facts in the indictment, based upon arguments at three separate detention hearings, it is quite conceivable that representations were made about Aaron Eason to the grand jury which are contradicted by objective evidence, and will support a motion to dismiss based upon outrageous government conduct.

Eason does not make his request to disclose grand jury transcripts on the assumption that he may win a motion to dismiss, the charges against him are meritless, or because he believes he will be successful at trial, as was the case in the Northern District of California case, *United States v. Stepanyan,* CR 15-0234 CRB

(JSC), cited by the government. Eason has a good faith belief that federal agents misrepresented Eason's role in a case where federal jurisdiction and the underlying charges are highly questionable, regardless of the alleged planning of Eason and others.

Government exhibits 1-3 in support of its opposition continue to bolster defendant's request for the disclosure of grand jury transcripts. A man wearing a t-shirt calling for a white society, or a poster calling for white unity is offensive to most people in our community. In fact, the discovery trickling in to defendants reveals that most, if not all defendants in the two cases, espouse views which promote white nationalism. But those views should not be the basis for the grand jury's indictment charging defendants with inciting a riot as in this case. It is critical that the Court order that the transcripts be disclosed subject to a necessary protective order. An injustice will certainly result without such disclosure.

Defendant Aaron Eason respectfully requests that this Court order the disclosure of the grand jury transcript subject to an *in camera review* and the necessary protective orders.

DATED this 8th day of February, 2019.

McNICHOLAS LAW OFFICE

By /s/
JOHN NEIL McNICHOLAS, ESQ.
Attorney for Defendant,
AARON EASON

## DECLARATION OF JOHN NEIL McNICHOLAS

I, John Neil McNicholas, do hereby declare under penalties of perjury that the following is true.

1. I am an attorney duly licensed in the State of California and I am attorney of record for Aaron Eason in *United States of America v. Rundo, et al*, CR 18-00759-4.

2. Exhibit 2 includes true and correct copies of screen shots from video on April 15, 2017 showing Aaron Eason a) standing with those who also supported the same cause, b) engaging in self defense against an assailant, and 3) engaging in political discussion with an Antifa member following the termination of the rally. Mr. Eason is not wearing a mask. Mr. Eason's hands are not taped. Mr. Eason is wearing a light blue shirt.

3. Exhibit 3 is a true and correct copy of discovery produced by the government intended to link Mr. Eason to R.A.M. and perhaps to show Eason recruitment efforts for R.A.M. The facebook posts actually corroborate 1) co-defendants stopped associating with Eason after April 15, 2017 and 2) Eason was not a recruiter for R.A.M.

Dated this 8th day of February, 2019 in Redondo Beach, California.

*/s/John Neil McNicholas*
John Neil McNicholas