JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TYLER LAUBE,<br><br>　　　　Defendant. | Case No.: CR 18-00759-CJC<br><br><br>ORDER GRANTING DEFENDANT TYLER LAUBE'S MOTION TO WITHDRAW GUILTY PLEA AND DISMISS INDICTMENT [Dkt. 147] |

## I. INTRODUCTION & BACKGROUND

Defendant Tyler Laube is charged in the Indictment with one count of conspiracy to commit rioting, in violation of 18 U.S.C. §§ 371, 2101. (Dkt. 47 [Indictment].) On November 20, 2018, he pled guilty to this single count, and he was subsequently released on bond. (Dkts. 72, 79.) Mr. Laube's sentencing is scheduled for August 12, 2019.

On June 3, 2019, the Court granted a joint motion brought by the other defendants, Robert Rundo, Robert Boman, and Aaron Eason, to dismiss all counts in the Indictment. (Dkt. 145.) The Court found that the Anti-Riot Act, 18 U.S.C. § 2101, was unconstitutionally overbroad on its face. Under the First Amendment, the government may not prohibit advocacy of the use of force or of violating the law "except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969). The Anti-Riot Act is not limited in this way. It criminalizes advocacy of the use of force or of lawless action even where violence or lawless action is not imminent or likely. Because the statute criminalizes a substantial amount of protected expressive activity in relation to its legitimate sweep, the Court found the Anti-Riot Act was unconstitutionally overbroad in violation of the First Amendment. The Court then dismissed the Indictment with respect to Mr. Rundo, Mr. Boman, and Mr. Eason.

Mr. Laube now moves to withdraw his guilty plea and dismiss the Indictment on the same grounds as those raised in the other defendants' joint motion to dismiss. (Dkt. 147.) The government opposes Mr. Laube's motion. (Dkt. 150.) For the following reasons, the motion is **GRANTED**.[1]

## II. ANALYSIS

### A.   Withdrawal of Guilty Plea

Mr. Laube requests to withdraw his guilty plea. A defendant may withdraw a guilty plea after a district court accepts the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Crim. P. 57(b).

11(d)(2)(B). This standard is "applied liberally." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). "[T]he decision to allow withdrawal of a plea is solely within the discretion of the district court." *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). Fair and just reasons for withdrawal include "newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Ortega-Ascanio*, 376 F.3d at 883.

There is no question that there is a fair and just reason to withdraw Mr. Laube's plea. Mr. Laube pled guilty to conspiring to violate the Anti-Riot Act. Since he entered his guilty plea, however, the Court found the Anti-Riot Act was unconstitutionally overbroad and dismissed the Indictment with respect to the rest of the defendants. It would be grossly unjust to proceed with sentencing and have Mr. Laube possibly serve time in custody for conspiring to violate a statute that this Court has declared unconstitutional. In opposing Mr. Laube's request, the government seems to suggest Mr. Laube should suffer because he took an early guilty plea instead of joining the other defendants' motion. The government may be unhappy with the Court's June 3, 2019 Order. The dictates of fairness and justice, however, clearly require this Court to allow Mr. Laube to withdraw his guilty plea.

### B.  Dismissal of the Indictment

Mr. Laube also asks the Court to dismiss the Indictment on the basis that the Anti-Riot Act is unconstitutionally overbroad in violation of the First Amendment. The Court agrees and adopts by reference its analysis in the June 3, 2019 Order. In opposition, the government contends that the Anti-Riot Act is constitutional as applied to Mr. Laube, based on the acts to which he admitted in his plea agreement and his Federal Rule of Criminal Procedure 11 colloquy. This misses the point. The Court held the Anti-Riot Act was unconstitutional *on its face*, not as applied. It does not matter whether the statute

may be constitutional in *certain* applications, such as the specific acts to which Mr. Laube pled guilty. Due to concerns over the chilling effect of overbroad statutes, "even a person whose activity is clearly not protected may challenge a law as overbroad under the First Amendment." *United States v. Sineneng-Smith*, 910 F.3d 461, 470 (9th Cir. 2018). Here, because the Anti-Riot Act criminalizes a substantial amount of protected expressive activity in relation to its legitimate sweep, the Anti-Riot Act violates the First Amendment. It cannot serve as a legal basis for the Indictment.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to withdraw his guilty plea and dismiss the Indictment is **GRANTED**. The Court hereby **EXONERATES** his bond.

DATED:    June 11, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE