E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
SOLOMON KIM (Cal. Bar No. 311466)
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2450/0631
     Facsimile: (213) 894-0140
     E-mail:    solomon.kim@usdoj.gov
                kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-759(A)-CJC |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY PRETRIAL SCHEDULE |
| v. | |
| ROBERT RUNDO et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Solomon Kim and Kathrynne N. Seiden, hereby files its Opposition to Defendant's Ex Parte Application to Modify Pretrial Schedule (Dkt. 257).

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

DATED: September 13, 2023

          E. MARTIN ESTRADA
          United States Attorney

          CAMERON L. SCHROEDER
          Assistant United States Attorney
          Chief, National Security Division

          __/s/_____
          SOLOMON KIM
          KATHRYNNE N. SEIDEN
          Assistant United States Attorneys

          Attorneys for Plaintiff
          UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Counsel have represented defendant Robert Rundo ("Rundo") in this case for the past <u>five</u> years and have been on notice of the current briefing schedule for over seven months. Now, three and a half weeks before their deadline to file pretrial motions, counsel seek additional time to prepare them. Counsel's proposed method of accomplishing this is not to request a trial continuance, but to ask the Court to slash the government's time to respond to three separate defendants' pretrial motions -- including motions to dismiss, motions to suppress, and motions <u>in limine</u> -- from three weeks to just <u>nine days</u>. The government does not oppose modifying the briefing schedule with respect to motions <u>in limine</u>, but respectfully submits that nine days is insufficient to adequately respond to case dispositive motions filed on behalf of three separate defendants in a way that could meaningfully assist the Court in ruling on those motions.

Moreover, defense counsel's justification for the requested modification stems from a conflict that affects only one of the two DFPDs assigned to the case and which arises from her own making. If defense counsel feel that they need more time to adequately prepare for trial, they can and should seek a continuance of the existing trial date, rather than force the Court to rule on case dispositive motions that have not received adequate time for briefing. The government therefore respectfully requests that the Court grant the modification with respect to motions <u>in limine</u>, but deny the request with respect to any motions to dismiss or motions to suppress.

**I.   BACKGROUND**

DFPD Deixler has represented defendant since October 2018, when he made his initial appearance in this case. (Dkt. 12.) Although

the Court dismissed the indictment in June 2019, the Ninth Circuit reversed and remanded two and a half years ago, in March 2021. (Dkt. 145). The Ninth Circuit's mandate issued in February 2022, at which point the Court reopened the case. (Dkts. 161-62.) Eight months ago, in January 2023, defendants were charged by superseding indictment for the same conduct underlying the 2018 indictment. (Dkt. 209.) In February, the Court continued the trial date to December 12, 2023 and set a briefing schedule that gave the parties until October 5, 2023 to file pretrial motions. (Dkt. 219.) The Court allocated three weeks for the parties to respond to pretrial motions, setting the deadline to October 26, 2023. (Id.) The Court also set a motion hearing date for November 16, 2023. (Id.)

Defendant was arrested and appeared on the superseding indictment on August 2, 2023. (Dkt. 251.) On August 16, 2023, roughly four months before the current trial date and seven weeks before the deadline for pretrial motions, DFPD Deixler notified the Court and the parties that defendant did not wish to continue trial and would be proceeding as scheduled. Nearly two weeks after defendant's initial appearance, on August 17, 2023, DFPD Murphy joined DFPD Deixler as counsel of record for defendant. (Dkt. 256.)

Now, a month after counsel provided notice that they would be proceeding on the current trial date, they request that the Court extend the deadline to file pretrial motions by nearly two weeks, to October 17, 2023, giving defense counsel five weeks from now -- or nine weeks in total from the time they knew they would be proceeding on the current trial date -- to prepare and file their motions. Defense counsel further request that the Court cut the government's time to respond to pretrial motions from 21 days to just nine. In

2

other words, counsel suggest that the Court simply reallocate to them two weeks from the government's time to respond.  Counsel also propose moving the motions hearing to the week of Thanksgiving, thereby leaving three weeks over a holiday between a decision on any potential dispositive motion filed by defendants and the actual trial date.

## II. THE COURT SHOULD DENY DEFENDANT'S APPLICATION

The Court should deny the ex parte application or, in the alternative, grant it only with respect to motions in limine.  There is no good cause to modify the pretrial briefing schedule.  Doing so will hinder the government from providing adequate briefing to the Court on potentially case-dispositive motions and result in a significant waste of resources.

The parties previously proposed, and the Court granted, a briefing schedule which accounts for the time necessary to allow the parties time to respond to substantive pretrial motions, such as motions to suppress or motions to dismiss on complex constitutional grounds.  Under counsel's proposed modification, the government will have nine days to respond not only to motions in limine from three defendants, but also to motions to dismiss, motions to suppress, or motions challenging Rundo's extradition, all of which counsel suggests she may file.[1]  (See Dkt. 257 ¶ 11.)  Nine days is simply not sufficient to respond meaningfully to that volume of substantive motions.  Nor is three weeks over a holiday sufficient time between a case dispositive hearing and trial to subpoena and prepare witnesses

---

[1] Counsel for another defendant has also notified the government that he intends to file several pretrial motions, including a motion to dismiss.

3

-- some who will be traveling from out-of-district to testify about conduct which occurred in 2018 -- and to otherwise prepare for trial. Accordingly, the government will be forced to substantially prepare for a trial in advance of a potentially case-dispositive ruling, potentially resulting in a significant waste of resources.

Moreover, the sole basis for DFPD Murphy's request is that her colleague, who has represented defendant for the past five years, is currently unable to assist in this case, including in the filing of pretrial motions, because she is preparing for an upcoming trial in another case, United States v. Boylan, No. 22-482-GW, which is set for October 24, 2023. Boylan is represented by at least three highly experienced DFDPs, including DFPD Deixler. (See Boylan, Dkt. 62 at 8.) The DFPDs have requested six continuances of the trial date in that matter. (Id. at 3.) In an ex parte application to continue the trial date filed in May 2023, the DFPDs requested that the trial in Boylan be continued to September 26, 2023, representing that the trial would last two to three weeks (i.e., through October 10, 2023). (See Boylan, Dkt. 51.) At the time of the application, the current pretrial briefing schedule in this matter had already been set by the Court. (See Dkt. 220.) DFPD Deixler nonetheless requested a trial date of September 26, 2023 in Boylan, knowing that she would be in the middle of a two-to-three-week trial in Boylan while motions were simultaneously due in this case. In fact, DFPD Deixler specifically referenced the upcoming trial in this case as one of the bases for the ex parte request to continue the trial in Boylan. (Boylan, Dkt, 51 at 3-4.)

In short, the government does not wish to unreasonably burden defense counsel with respect to the preparation of pretrial motions

and has offered to continue the trial date so that counsel have more time to file their motions.  But a conflict which defense counsel not only knew about, but arguably created, and which applies only to one of defendant's two attorneys, does not constitute good cause to cut the government's time to respond to motions in half.  That is particularly so given that it is defendant who insists on proceeding to trial on the current date.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny defendant's ex parte application to amend its previous order or, in the alternative, grant defendant's application with respect to motions in limine, only.