```
E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
SOLOMON KIM (Cal. Bar No. 311466)
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2450
     Facsimile: (213) 894-0141
     E-mail:    solomon.kim@usdoj.gov
                kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

                        UNITED STATES DISTRICT COURT

                      FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-759-CJC |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ROBERT RUNDO, et al., | |
| Defendants. | **CURRENT TRIAL DATE:** December 12, 2023 |
| | **PROPOSED TRIAL DATE:** March 26, 2024 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Solomon Kim and Kathrynne Seiden, and defendant ROBERT RUNDO ("RUNDO"), both individually and by and through his counsel of record, Deputy Federal Public Defenders Julia Deixler and Erin Murphy, defendant ROBERT BOMAN ("BOMAN"), both individually and by and through his counsel of record, Peter Swarth, and defendant TYLER LAUBE ("LAUBE"), both

individually and by and through his counsel of record, John McNicholas, hereby stipulate as follows:

1. The Indictment in this case was filed on November 1, 2018. Defendant RUNDO first appeared before a judicial officer of the court in which the charges in this case were pending on October 22, 2018. Defendant BOMAN first appeared before a judicial officer of the court in which the charges in this case were pending on October 24, 2018. Defendant LAUBE first appeared before a judicial officer of the court in which the charges in this case were pending on October 24, 2018. Defendant Aaron Eason first appeared before a judicial officer of the court in which the charges in this case were pending on October 29, 2018.

2. In April 2019, defendants RUNDO, BOMAN, and Eason moved to dismiss the Indictment. In June 2019, defendant LAUBE likewise moved to dismiss the Indictment. The Court subsequently granted both motions and dismissed the Indictment.

3. The government timely appealed the Court's dismissal order, and, on March 4, 2021, the Ninth Circuit reversed the Court's order and remanded for further proceedings. The mandate issued on February 8, 2022. The Court held a status conference on March 3, 2022, where it ordered the parties to file a stipulation to continue the trial and a proposed case management order. Following remand from the Ninth Circuit, the Speedy Trial Act, 18 U.S.C. § 3161, required that the trial commence on or before April 19, 2023. See 18 U.S.C. § 3161(e); United States v. Lloyd, 125 F.3d 1263, 1265 (9th Cir. 1997).

4. On March 29, 2022, the Court set a trial date of April 11, 2023, and a pretrial conference date of April 3, 2023. On December

8, 2022, the Court advanced the trial date and pretrial conference date to March 28, 2023, and March 20, 2023, respectively.

5.  Defendant RUNDO is detained pending trial. Defendants BOMAN and LAUBE are released on bond pending trial. On January 30, 2023, this Court granted the government's motion to dismiss the case as to defendant Aaron Eason only, due to his death.

6.  The parties estimate that the trial in this matter will last approximately two weeks. All defendants are joined for trial and a severance has not been granted.

7.  By this stipulation, defendants move to continue the trial date to March 26, 2024 and the pretrial conference to March 18, 2024, and to set a motion schedule as follows:

   a.  Dispositive motions (including any motion to dismiss or motion to suppress): motions to be filed by January 8, 2024; oppositions to be filed by January 29, 2024; replies to be filed by February 5, 2024; and any motions hearing on February 26, 2024.

   b.  Non-dispositive motions (including any motion in limine): motions to be filed by February 26, 2024; oppositions to be filed by March 4, 2024; replies to be filed by March 11, 2024; and any motions hearing on March 18, 2024.

8.  This is the third request for a continuance since the Ninth Circuit's mandate.

9.  Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a.  The defendants in this case are charged with violations of 18 U.S.C. §§ 371 (Conspiracy) and/or 2101 (Riots). The

government has made available to the defense approximately 65,000 pages of discovery.

      b.    Defense counsel for defendant RUNDO are presently scheduled for the following trials: (1) United States v. Mark James Urias, CR 22-123-ODW, Bank Fraud, Possession of Fifteen or More Unauthorized Access Devices, Aggravated Identity Theft, Unlawful Possession of a Counterfeit Postal Key, Possession, trial scheduled for September 26, 2023, expected to last two to three days; (2) United States v. Stephen Reid, CR 23-391-JAK, Distribution and Possession with Intent to Distribute Fentanyl and Methamphetamine, trial scheduled for October 3, 2023; (3) United States v. Gustavo Delacruz, CR 23-396-MEMF, Hobbs Act Robbery, trial scheduled for October 3, 2023, expected to last three to four days; (4) United States v. James Ray Freeman, CR 22-594-MEMF, Possession with Intent to Distribute Cocaine Base in the Form of Crack Cocaine, Felon in Possession of Firearms and Ammunition, trial scheduled for October 16, 2023, expected to last three days; (5) United States v. Jerry Nehl Boylan, 20-CR-600-GW, a Seaman's Manslaughter trial scheduled for October 24, 2023; (6) United States v. Lisa Marie Valdez, CR 22-373-MEMF, Distribution of and Possession with Intent to Distribute Methamphetamine, trial scheduled for November 13, 2023, expected to last three days; and (7) United States v. Rudy Flores Jr., 22-CR-451-MEMF, a firearm and possession of methamphetamine with intent to distribute trial scheduled for January 12, 2024.  Accordingly, counsel for defendant RUNDO represent that they will not have the time that they believe is necessary to prepare to try this case on or before March 26, 202.

   c. Defense counsel for defendant BOMAN is presently scheduled to be in the following trials: (1) United States v. Tumambing, CR-19-375-ODW-2 (Kelli Tumambing), bank fraud trial scheduled for 10/10/23, which is estimated last three days; (2) United States v. Boubash, CR-22-513-JWH-4 (Reyes Ramon Lozano), drug trial scheduled for 10/24/23, which is estimated to last two weeks; (3) United States v. Rigoberto Moreno-Machuca, CR-21-520-ODW-1, drug trial scheduled for 10/31/23, which is estimated to last two days; (4) United States v. Gipson, CR-20-75-JAK-6 (Laron Taylor), wire fraud trial scheduled for 1/23/24, which is estimated to last two weeks; (5) United States v Martinez, CR-22-34-CJC-20 (Robert Amezcua), gangs and drug trial scheduled for 01/23/24, which is estimated to last ninety days; (6) United States v Garcia, 20-cr-225-DSF-2 (Alejandro Munoz), wire fraud and ID theft trial scheduled on 2/27/24, which is estimated to last 2 weeks; (7) United States v Gohman, CR-21-259-AB-5 (Vladimir Pridacha), trial conspiracy/Arms Export Control Act trial scheduled for 03/12/24, which is estimated to last 2 weeks; and (8) United States v. Bazan, CR-20-19-CJC-23 (Carlton Young), drug trial scheduled on 7/23/24, which is estimated to last two weeks. Accordingly, counsel for defendant BOMAN represents that he will not have the time that he believes is necessary to prepare to try this case on or before March 26, 2024.

   d. Defense counsel for defendant LAUBE is presently scheduled to be in the following trials or other matters: (1) United States v. Elijah Miller, 2:23-cr-00396-MEMF, 3-defendant robbery case, commencing October 3, 2023, and expected to last 7 days; (2) United States v. Raschell Taylor, CR 20-00075-JAK, a 7 defendant wire fraud, aggravated identity theft trial set for trial on November 14,

2023, and expected to last 12 days; (3) United States v. Jing Dong, CR 19-00027-PSG, a 3-defendant birth tourism case involving Chinese mothers set for February 15, 2024 and expected to last 20 days; (4) United States v. Edwin Martinez, CR 19-117(A)-ODW, multi-defendant capital case, set for March 26, 2024 and expected to last several months; and (5) United States v. Nagesh Shetty, CR 19-00527-ODW, a 7-defendant, physician Medicare fraud case set for August 13, 2024 and expected to last 18 days.  Accordingly, counsel for defendant LAUBE represents that he will not have the time that he believes is necessary to prepare to try this case on or before March 26, 2024.

      e.  In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      f.  Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

      g.  The government does not object to the continuance.

      h.  The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

part of the attorneys for the Government to obtain available witnesses.

10. For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of December 12, 2023 to March 26, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//
//
//

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 25, 2023          Respectfully submitted,

                                      E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, Criminal Division

                                           /s/
SOLOMON KIM
KATHRYNNE N. SEIDEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am ROBERT RUNDO's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 26, 2024 is an informed and voluntary one.

_____   9/21/23
JULIA DEIXLER                     Date
ERIN MURPHY
Deputy Federal Public Defenders
Attorneys for Defendant
ROBERT RUNDO

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 26, 2024.

_____   9-21-23
ROBERT RUNDO                      Date
Defendant

1     I am ROBERT BOMAN's attorney. I have carefully discussed every
2 part of this stipulation and the continuance of the trial date with
3 my client. I have fully informed my client of his Speedy Trial
4 rights. To my knowledge, my client understands those rights and
5 agrees to waive them. I believe that my client's decision to give up
6 the right to be brought to trial earlier than March 26, 2024 is an
7 informed and voluntary one.

8   *Peter Swarth*                    09/22/2023
9 PETER SWARTH                          Date
   Attorney for Defendant
10 ROBERT BOMAN

11

12     I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights. I
14 voluntarily agree to the continuance of the trial date, and give up
15 my right to be brought to trial earlier than March 26, 2024.

16   *[signature]*                      9-22-23
17 ROBERT BOMAN                          Date
   Defendant
18
19
20
21

I am TYLER LAUBE's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 26, 2024 is an informed and voluntary one.

_____  9/25/23
JOHN MCNICHOLAS            Date
Attorney for Defendant
TYLER LAUBE

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 26, 2024.

_____  9.25.23
TYLER LAUBE                Date
Defendant