E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
SOLOMON KIM (Cal. Bar No. 311466)
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2450/0631
     Facsimile: (213) 894-0140
     E-mail:    solomon.kim@usdoj.gov
                 kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>TYLER LAUBE,<br><br>       Defendant. | No. SA CR 18-759(A)-CJC<br><br>PLEA AGREEMENT FOR DEFENDANT<br>TYLER LAUBE |

    1.   This constitutes the plea agreement between TYLER LAUBE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

        a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

1    Court, appear and plead guilty to a single-count information in the

2    form attached to this agreement as Exhibit A or a substantially

3    similar form, which charges defendant with Interference with a

4    Federally Protected Right Without Bodily Injury, in violation of 18

5    U.S.C. § 245(b)(3).

6          b.    Not contest facts agreed to in this agreement.

7          c.    Abide by all agreements regarding sentencing contained

8    in this agreement.

9          d.    Appear for all court appearances, surrender as ordered

10   for service of sentence, obey all conditions of any bond, and obey

11   any other ongoing court order in this matter.

12         e.    Not commit any crime; however, offenses that would be

13   excluded for sentencing purposes under United States Sentencing

14   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

15   within the scope of this agreement.

16         f.    Be truthful at all times with the United States

17   Probation and Pretrial Services Office and the Court.

18         g.    Pay the applicable special assessment at or before the

19   time of sentencing unless defendant has demonstrated a lack of

20   ability to pay such assessments.

21                        THE USAO'S OBLIGATIONS

22   3.    The USAO agrees to:

23         a.    Not contest facts agreed to in this agreement.

24         b.    Abide by all agreements regarding sentencing contained

25   in this agreement.

26         c.    At the time of sentencing, move to dismiss the

27   underlying indictments as against defendant.  Defendant agrees,

28   however, that at the time of sentencing the Court may consider any

2

dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSE</u>

4.    Defendant understands that for defendant to be guilty of the crime charged in the superseding information, that is, Interference with a Federally Protected Right Without Bodily Injury, in violation of Title 18, United States Code, Section 245(b)(3), the following must be true: (1) defendant acted by force or threat of force; (2) defendant willfully injured, intimidated, or interfered with F.T.; (3) defendant acted during or incident to a riot or civil disorder; and (4) F.T. was engaged in a business in commerce or affecting commerce.

<u>PENALTIES</u>

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 245(b)(3), without bodily injury, is: one year of imprisonment; a one-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.   Defendant understands that, if defendant is not a United States citizen, the misdemeanor conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration

4

consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between January and April 2017, defendant associated with individuals involved in an organization originally known as the "DIY Division," that was later re-branded as the "Rise Above Movement" or "RAM."  RAM represented itself as a combat-ready, militant group of a new nationalist white supremacy and identity movement.  RAM regularly held hand-to-hand and other combat training for RAM members and associates, which were organized through text messages and phone calls, to prepare to engage in violent confrontations with protestors and other individuals at political rallies.  On March 15, 2017, defendant attended one such combat training event in San Clemente, California.

On March 25, 2017, defendant, along with several of his associates, attended a political rally in Huntington Beach, California organized by supporters of then President Donald Trump.  At that event, a riot ensued during which defendant and his associates assaulted counter-protestors and other persons.  During

1    the riot, defendant intentionally and willfully intimidated and

2    interfered with F.T. by punching him several times in the head and

3    body, but without causing bodily injury.  At the time of the assault,

4    F.T. was engaged in a business affecting interstate commerce, namely

5    working as a journalist for a newspaper publication to report on the

6    political rally.

7    SENTENCING FACTORS

8         10.  Defendant understands that in determining defendant's

9    sentence the Court is required to calculate the applicable Sentencing

10   Guidelines range and to consider that range, possible departures

11   under the Sentencing Guidelines, and the other sentencing factors set

12   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

13   Sentencing Guidelines are advisory only, that defendant cannot have

14   any expectation of receiving a sentence within the calculated

15   Sentencing Guidelines range, and that after considering the

16   Sentencing Guidelines and the other § 3553(a) factors, the Court will

17   be free to exercise its discretion to impose any sentence it finds

18   appropriate up to the maximum set by statute for the crime of

19   conviction.

20        11.  Defendant and the USAO agree to the following applicable

21   Sentencing Guidelines factors:

22     Base Offense Level:            10    [U.S.S.G. §§ 2H1.1(a)(3)]

23   Defendant and the USAO reserve the right to argue that additional

24   specific offense characteristics, adjustments, and departures under

25   the Sentencing Guidelines are appropriate.

26        12.  Defendant understands that there is no agreement as to

27   defendant's criminal history or criminal history category.

28

6

13.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1

WAIVER OF APPEAL OF CONVICTION

2      15.  Defendant understands that, with the exception of an appeal

3  based on a claim that defendant's guilty plea was involuntary, by

4  pleading guilty defendant is waiving and giving up any right to

5  appeal defendant's conviction on the offense to which defendant is

6  pleading guilty.  Defendant understands that this waiver includes,

7  but is not limited to, arguments that the statute to which defendant

8  is pleading guilty is unconstitutional, and any and all claims that

9  the statement of facts provided herein is insufficient to support

10  defendant's plea of guilty.

11

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12      16.  Defendant agrees that, provided the Court imposes a term of

13  imprisonment within or below the range corresponding to an offense

14  level of 13 and the criminal history category calculated by the

15  Court, defendant gives up the right to appeal all of the following:

16  (a) the procedures and calculations used to determine and impose any

17  portion of the sentence; (b) the term of imprisonment imposed by the

18  Court; (c) the fine imposed by the Court, provided it is within the

19  statutory maximum; (d) to the extent permitted by law, the

20  constitutionality or legality of defendant's sentence, provided it is

21  within the statutory maximum; (e) the term of probation or supervised

22  release imposed by the Court, provided it is within the statutory

23  maximum; and (g) any of the following conditions of probation or

24  supervised release imposed by the Court: the conditions set forth in

25  Second Amended General Order 20-04 of this Court; the drug testing

26  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

27  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

28

17.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 13 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## WAIVER OF COLLATERAL ATTACK

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

9

EFFECTIVE DATE OF AGREEMENT

21.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

10

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
### OFFICE NOT PARTIES

24.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        28.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    E. MARTIN ESTRADA
     United States Attorney

9

10   *Solomon Kim*                          9/26/2023
     _____               _____
     SOLOMON KIM                            Date
11   KATHRYNNE SEIDEN
     Assistant United States Attorneys

12
     _____               09/25/2023
13   TYLER LAUBE                            _____
     Defendant                             Date

14
     _____               9/25/23
15   JOHN MCNICHOLAS                        _____
     Attorney for Defendant TYLER LAUBE    Date

16

17

18

19

20

21

22

23

24

25

26

27

28

                          13

1

## CERTIFICATION OF DEFENDANT

2     I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charge and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19     _____          09/25/2023

tyler Laube (Sep 25, 2023 15:17 PDT)

20 TYLER LAUBE                             Date

Defendant

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am TYLER LAUBE's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

JOHN MCNICHOLAS
Attorney for Defendant TYLER LAUBE

9/25/2023
Date

15