

**FILED**

MAR 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 24-932 |
|---|---|
| Plaintiff - Appellant, | D.C. Nos. 2:18-cr-00759-CJC-1 2:18-cr-00759-CJC-1 2:18-cr-00759-CJC-2 |
| v. | Central District of California, Los Angeles |
| ROBERT RUNDO and ROBERT BOMAN, Defendants - Appellees. | ORDER |

Before: PAEZ and M. SMITH, Circuit Judges, and TIGAR, District Judge.[*]

Pending before the court is the government's motion to stay Defendant's release pending its appeal of the district court's dismissal order. In considering the motion, the court is guided by *Nken v. Holder*, 556 U.S. 418 (2009).

The government's motion to stay Defendant's release (Docket Entry No. 3) is also treated as a motion to stay the district court's dismissal order. Treating the government's motion as such, it is GRANTED as follows:

Pending appeal, Defendant may apply for release as permitted under the Bail Reform Act, 18 U.S.C. § 3143.

The order of February 23, 2024, (Docket Entry No. 13) is VACATED. Defendant, however, shall remain in custody pending a bail determination hearing

---

[*] The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

under the Bail Reform Act.  In the event the district court orders Defendant released, any such order shall be automatically stayed for 96 hours, permitting the government to seek a stay pending review of the order.

    The clerk's office shall forward any motion relating to the district court's resolution of Defendant's bail application to this panel.  The briefing schedule on the underlying appeal remains unchanged.