UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 18-00759-CJC-1-2 | Date | May 22, 2024 |
|---|---|---|---|

| Present: The Honorable | CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| Rolls Royce Paschal | Not Reported | Annamartine Salick – Not Present<br>Kathrynne N. Seiden – Not Present<br>Solomon Kim – Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Custody | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
|  |  |  |  | Julia Deixler | Not |  | X |
|  |  |  |  | Caroline Swift Platt | Not |  | X |
| Robert Paul Rundo | Not | X |  | Erin M. Murphy | Not |  | X |
| Robert Boman | Not |  | X | Peter C. Swarth | Not |  | X |

**PROCEEDINGS:**  (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE REQUEST FOR STATUS CONFERENCE

On February 21, 2024, the Court granted Defendants' motion to dismiss for selective prosecution and ordered that Mr. Rundo be released forthwith.  (Dkt. 333.)   The government immediately appealed to the Ninth Circuit, and after a flurry of filings and litigation, the Ninth Circuit ordered that Mr. Rundo remain in custody.  (*See* Dkt. 375.)   However, the Ninth Circuit permitted Mr. Rundo to apply for bail to this Court.  (*Id.*)   Mr. Rundo did so, and the Court granted his motion for bail on April 30, 2024.  (Dkt. 405.)   The government again appealed, and the Ninth Circuit stayed Mr. Rundo's release on bail pending resolution of the government's appeal of the Court's bail order.  (Dkt. 412.)   Both appeals are proceeding at the Ninth Circuit.

On May 16, 2024, attorney Stephen Yagman filed a notice of appearance, purporting to appear on behalf of Mr. Rundo *pro bono*.  (Dkt. 414.)   Shortly thereafter, Mr. Rundo's counsel of record, the Federal Public Defender's Office ("FPDO"), moved to strike that filing because the notice did not include any written authorization by Mr. Rundo, and the FPDO "has not sought to withdraw as counsel in this matter and is not proceeding as co-counsel with Mr. Yagman."  (Dkt. 415 at 2.)   The Court granted the FPDO's request the next day.  (Dkt. 416.)   That same day, Mr. Yagman then filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

another notice of appearance, but this time included a signed form indicating that Mr. Rundo consented to "be represented by Stephen Yagman." (Dkt. 417.)  Mr. Yagman also "suggest[ed] that an in-person, in-court hearing be held to decipher this matter." (*Id.*)  Mr. Yagman further clarified that he is "*one* of the attorneys for Robert Rundo in this action" and was not replacing the FPDO. (*Id.* [emphasis added]; *see also* Dkt. 418.)  On May 21, 2024, the FPDO, in correspondence to the Court, Mr. Yagman, and the government, inquired as to the Court's availability for a hearing on May 23, 2024, or May 24, 2024, to address Mr. Rundo's representation with the Court.

     This case is really no longer before the Court.  The Ninth Circuit holds jurisdiction over this case and is reviewing both the Court's bail order and dismissal order.  The Court struggles to conceive of a substantive issue over which it presently could exercise jurisdiction in light of the appeals before the Ninth Circuit.  According to the public docket, the government has filed its opening briefs, Defendants' answering brief regarding the dismissal order is due *today*, and Mr. Rundo's answering brief regarding bail is due next week.  Only the FPDO is currently representing Mr. Rundo on appeal before the Ninth Circuit.  Indeed, it appears that Mr. Yagman is unable to practice before the Ninth Circuit because he is, despite having been reinstated to practice by the California State Bar, "still disbarred from practice before the New York State Bar."  *In re Yagman*, 38 F.4th 25, 27 (9th Cir. 2022).

     Because the Ninth Circuit holds jurisdiction over this case, the Court is reluctant to and will not schedule a status conference at this time.  Should Mr. Rundo, Mr. Yagman, or the FPDO believe that there is an issue over which this Court may exercise jurisdiction and it is imperative that the Court resolve it immediately during the pendency of the government's appeals to the Ninth Circuit, they may file an appropriate emergency application providing the Court with sufficient information to assess its jurisdiction and the necessity of an immediate hearing.

     **CC: Stephen Yagman, filing@yagmanlaw.net**

|  | - | : | - |
|---|---|---|---|
| | Initials of Deputy Clerk | rrp | |